Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **EDWIN BAEZ GONZALEZ**<br><br>Apelante<br><br>v.<br><br>**NIVIA CELESTE RIVERA MARTINEZ**<br><br>Apelada | KLAN202301114 | **APELACION**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil núm.:<br>**MZ2020CV00527 (307)**<br><br>Sobre:<br>**Liquidación de Comunidad de Bienes** |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de febrero de 2024.

Comparece ante nos Edwin Báez González, en adelante, Báez González o apelante, solicitando que revoquemos la *"Sentencia"*, notificada el 23 de octubre de 2023, del Tribunal de Primera Instancia Sala de Mayagüez, en adelante, TPI-Mayagüez. En la misma, el Foro Primario desestimó *sin perjuicio* la causa de acción presentada por el apelante, en materia de liquidación de comunidad de bienes.

Por los fundamentos que expondremos a continuación, *revocamos la "Sentencia" apelada.*

**I.**

El 11 de abril del 1994, Báez González contrajo nupcias con Nivia Celeste Rivera Martínez, en adelante, Rivera Martínez o apelada. Luego, el 23 de enero de 2019, ambas partes quedaron debidamente divorciados, mediante sentencia final y firme.[1]

---

[1] Caso civil: I3RF201800086.

Posteriormente, el 18 de junio de 2020, Báez González presentó una *"Demanda"* en el TPI-Mayagüez, solicitando que, conforme a los procedimientos de rigor, se ordene la división de la comunidad de bienes existente entre él y Rivera Martínez.[2] Desde el 1 de agosto de 2020, sobreviene una serie de trámites procesales que resumimos de la siguiente manera:

a) 1 de agosto de 2020: Rivera Martínez presentó una *"Moción Solicitando Paralización de los Procedimientos e Imposición de Fianza"* ante el Foro Primario.[3] En su solicitud, arguyó que Báez González es residente del estado de Florida, por lo que procedía la imposición de fianza de no residente, conforme a la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5.

b) 9 de enero de 2021: Báez González presentó una *"Moción en Oposición a Solicitud de Paralización y a Imposición de Fianza"*.[4] En su respuesta, el peticionario argumenta que, conforme a la jurisprudencia vigente, la materia de su demanda forma parte de las excepciones a la fianza de no residente.

c) 13 de enero de 2021: La parte apelada presentó su *"Contestación de Demanda"*.[5]

d) 15 de enero de 2021: TPI-Mayagüez emitió una *"Resolución"* en la que declaró "No Ha Lugar" la imposición de fianza de no residente.[6]

e) 30 de abril de 2021: Báez González notifica al TPI-Mayagüez, mediante *"Moción Informativa"*, que ha remitido

---

[2] Apéndice del recurso, pág. 15.
[3] *Id.* pág. 17.
[4] *Id.* pág. 20.
[5] *Id.* pág. 25.
[6] *Id.* pág. 29.

un pliego de interrogatorios y le ha hecho una solicitud de producción de documentos a Rivera Martínez.[7]

f) 15 de octubre de 2021: Báez González presentó una *"Moción al Amparo de la Regla 34 de Procedimiento Civil"*, indicando que Rivera Martínez no respondió al pliego de interrogatorios, ni había producido los documentos requeridos.[8] En consecuencia, solicitó al Foro Primario que ordenara el cumplimiento de lo requerido a la apelada, o dicte algún remedio provisto por la Regla 34.5 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 34.5.

g) 11 de mayo de 2022: El TPI-Mayagüez ordenó que se mostrara causa por la que el Foro Primario no debía desestimar la demanda incoada, conforme a la Regla 39.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2.[9]

h) 13 de mayo de 2022: En cumplimiento con la orden del Foro Apelado del 11 de mayo de 2022, la parte apelante presentó una *"Moción para Mostrar Causa"*, en la cual ofreció prueba al TPI-Mayagüez de las gestiones infructuosas realizadas para comunicarse con la representación legal de la parte apelada.[10] Por entender que no procedía la desestimación en ese momento y bajo las circunstancias demostradas, solicitó la continuación de los procedimientos.

i) 19 de mayo de 2022: El TPI-Mayagüez emitió una notificación en la que tomó conocimiento de la moción presentada por la parte apelante el 13 de mayo de 2022, y advirtió el deber de las partes para facilitar el

---

[7] Id. pág. 32.
[8] Id. pág. 33.
[9] Apéndice del recurso, pág. 35.
[10] Id. pág. 39.

descubrimiento ordenando el cumplimiento de estas con la Regla 37 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 37.1, sobre el manejo del caso.[11] Al final, dispuso que el incumplimiento con estas órdenes resultará en la imposición de sanciones.

j) 25 de mayo de 2022: Se presentó el Informe para el Manejo del Caso.[12]

k) 7 de septiembre de 2022: Se celebró la Conferencia Inicial, conforme a la Regla 37.2 de las Reglas de Procedimiento Civil, supra.[13]

l) 8 de noviembre de 2022: El Foro Primario aceptó la *"Demanda Enmendada"*, presentada el 13 de octubre de 2022 por la parte apelante, mediante *"Resolución"*.[14] Además, concedió veinte (20) días a Rivera Martínez para realizar alegación responsiva.

m) 19 de diciembre de 2022: Vista en la que el TPI-Mayagüez hizo una serie de órdenes a las partes, para la continuación de los procedimientos.[15]

n) 3 de enero de 2023: La parte apelada radicó la *"Contestación de Demanda Enmendada"*.[16]

o) 16 de mayo de 2023: El TPI-Mayagüez emitió una orden concediéndole a las partes diez (10) días perentorios para cumplir con las órdenes del 19 de diciembre de 2022.[17] Además, apercibió a las partes con desestimar la demanda por incumplimiento.

---

[11] Apéndice del recurso, pág. 50.
[12] *Id.* pág. 51.
[13] *Id.*
[14] *Id.* pág. 56.
[15] *Id.* pág. 58.
[16] *Id.* pág. 60.
[17] *Id.* pág. 64.

p) 20 de mayo de 2023: La parte apelante, por conducto de su representación legal, se comunicó mediante correo electrónico con la parte apelada, con respecto a la orden del 16 de mayo de 2023 del Foro Primario.[18]

q) 30 de mayo de 2023: *La parte apelante alega que no recibió respuesta de la parte apelada, por lo que sometió una "Moción Informativa" al TPI-Mayagüez, indicando sus esfuerzos y las diligencias realizadas, con el fin de movilizar el caso.[19]*

r) 22 de junio de 2023: El Lcdo. O'Neill Rosado, representante legal de la apelada, presentó una *"Moción Solicitando Relevo de Representación Legal".*[20] Indicó que ciertas diferencias con el Lcdo. Abreu Cordero, para cuya oficina trabajaba, le impedía continuar representando a Rivera Martínez. Además, solicitó que se le diera un término al Lcdo. Abreu Cordero, para ponerse al corriente con el caso de marras.

s) 17 de julio de 2023: El TPI-Mayagüez notificó una *"Resolución Relevo Representación Legal"*, concediéndole al Lcdo. O'Neill Rosado la moción del 22 de junio de 2023.[21]

t) 17 de octubre de 2023: El apelante presentó un *"Aviso de Toma de Deposición y Producción de Documentos",* con el fin de informar su intención de deponer a la apelada el 15 de noviembre de 2023.[22]

u) 13 de octubre de 2023: *El Foro Primario emitió la "Sentencia" apelada. Sin embargo, **notificó la misma el 23 de octubre de 2023.***

---

[18] Apéndice del recurso, pág. 65.
[19] *Id.* pág. 67.
[20] *Id.* pág. 70.
[21] *Id.* pág. 72.
[22] *Id.* pág. 74.

v) 19 de octubre de 2023: *El TPI-Mayagüez emitió una resolución en la que indicó haber tomado conocimiento del aviso para deponer. Sin embargo, **esta resolución fue notificada el 23 de octubre de 2023.**[23]*

w) 27 de octubre de 2023: La parte apelante presentó una *"Moción de Reconsideración"* ante el Foro Primario.[24]

x) 13 de noviembre de 2023: La *"Moción de Reconsideración"* fue declarada "No Ha Lugar" por el TPI-Mayagüez.[25]

Inconforme, Báez González recurrió ante esta curia mediante un recurso apelativo el 12 de diciembre de 2023, haciendo el siguiente señalamiento de error:

COMETIÓ ERROR EL HONORABLE TRIBUNAL DE INSTANCIA AL DESESTIMAR LA DEMANDA RADICADA, CASTIGANDO A LA PARTE DEMANDANTE APELANTE CUANDO; POR EL CONTRARIO, HA SIDO LA PARTE DEMANDADA APELADA QUIEN HA OBSTACULIZADO EL DESCUBRIMIENTO DE PRUEBA E IMPEDIDO QUE SE CUMPLIERAN LAS DIRECTRICES DEL HONORABLE JUEZ.

El 15 de diciembre de 2023, este Tribunal emitió una *"Resolución"* en la que ordenó a la parte peticionaria que evidenciara en un término de cinco (5) días el cumplimiento con lo dispuesto en las Reglas 13(b) y 14(b) del Reglamento del Tribunal de Apelaciones, 4 LPRA XXII-B, R. 13(b) y R. 14(b). Además, le concedimos treinta (30) días a la parte apelada para que presentara su alegato en oposición.

Cumplido el término señalado para el alegato en oposición, sin que fuese presentado, damos por perfeccionado este recurso.

**II.**

**A. Desestimación y sanciones**

En nuestro ordenamiento jurídico se favorece la política judicial de que los casos se ventilen en sus méritos.[26] Tal principio

---

[23] Apéndice del recurso, pág. 1.
[24] *Id.* pág.4.
[25] *Id.* pág. 13.
[26] *Mercado Figueroa v. Mun. San Juan,* 192 DPR 279, 288 (2017).

ha de ir en armonía con el propósito de que los pleitos se tramiten de forma justa, rápida y económica.[27] Es decir, que, aunque se favorece la ventilación de los casos en sus méritos, ello "no significa que una parte adquiera el derecho a que su caso tenga vida eterna en los tribunales manteniendo a la otra parte en un estado de incertidumbre, sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales."[28]

Es por esto que los tribunales están facultados con el poder de sancionar a las partes mediante distintos mecanismos, cuando, en desobediencia a sus órdenes sobre descubrimiento de prueba, atenten contra la sana administración de la justicia. Entre los mecanismos reconocidos, la Regla 34.3 de Procedimiento Civil dispone lo pertinente a incumplimientos con el descubrimiento de prueba. En estas instancias el tribunal podrá: (a) imponer desacato; (b) ordenar que se tengan por ciertas y probadas para efectos del pleito ciertas materias comprendidas en sus órdenes; (c) prohibir la presentación de cierta evidencia; (d) eliminar alegaciones; (e) suspender procedimientos ulteriores hasta que se acate la orden; (f) desestimar el pleito; (g) dictar sentencia en rebeldía; (h) sanciones económicas a cualquier parte, incluyendo a testigos y/o abogados (a); y, (i) condenar al pago de los gastos incurridos, incluyendo honorarios de abogado.[29] Con relación a esta última alternativa, y, específicamente a los casos en que se incumple con comparecer a una deposición o presentar las debidas contestaciones a los interrogatorios, la Regla 34.5 (3) establece que:

> [E]l tribunal, a solicitud de parte, podrá dictar, con relación
> al incumplimiento, aquellas órdenes que sean justas, entre
> ellas, podrá tomar cualquier acción de las autorizadas en los

---

[27] *Mercado Figueroa v. Mun. San Juan*, supra, pág. 288.
[28] *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221-222 (2001).
[29] Regla 34.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 34.3.

subincisos (1), (2) y (3) del inciso (b) de la Regla 34.3. **En lugar de cualquiera de las órdenes anteriores o adicional a ellas, el tribunal impondrá** a la parte que incumpla o al abogado o abogada que la aconsejó, o a ambos, el pago del importe de los gastos razonables ocasionados por la negativa, incluyendo honorarios de abogado, a menos que el tribunal determine que existía una justificación válida para el incumplimiento o, que dentro de las circunstancias, el pago de los gastos resultaría injusto.

**No será excusable la falta de cumplimiento a que se refiere esta regla, por el fundamento de que lo solicitado es objetable**, a menos que la parte que incumpla haya obtenido una orden protectora de acuerdo con la Regla 23.2. Regla 34.5(3) de Procedimiento Civil, 32 LPRA Ap. V. R. 34.5(3).

(Énfasis suplido).

Por otro lado, la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V. R. 39.2 dispone como sigue:

(a) Si la parte demandante deja de cumplir **con estas reglas o con cualquier orden del tribunal,** el tribunal a iniciativa propia o a solicitud de la parte demandada **podrá decretar la desestimación** del pleito o de cualquier reclamación contra ésta **o la eliminación de las alegaciones**, según corresponda. Cuando se trate de un primer incumplimiento, **la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder**. Si el abogado o abogada de la parte no responde a tal apercibimiento, **el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte** sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, **el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones.** El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30)

días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

(Énfasis suplido.)

Por su parte, los otros dos incisos de la precitada regla rezan de la siguiente manera:

(b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla. El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.

(c) Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.

La aprobación de la Ley 493-2004, acogió la norma establecida por la jurisprudencia. *Mun. de Arecibo v. Almac. Yakima*, supra; *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). La precitada ley enmendó la Regla 39.2(a) de las Reglas de

Procedimiento Civil de 1979, y posteriormente fue adoptada en las Reglas de Procedimiento Civil de 2009. La Exposición de Motivos de la enmienda promovida por la Ley 493-2004 indica lo siguiente:

> Es inaceptable que nuestros tribunales de justicia desestimen casos por situaciones fuera del control de las partes, sin que se les permita actuar sobre las violaciones que se le han señalado. Por ejemplo, en ocasiones, los tribunales archivan pleitos porque el a[b]ogado de la parte no ha cumplido con alguna disposición legal o con alguna orden del tribunal. En ocasiones, se ha impuesto tan severa sanción porque no se ha recibido una notificación de alguna de las partes o del tribunal. **En tales casos, no debe proceder la desestimación, pues constituye una sanción demasiado severa contra la parte, considerando que la falta la cometió su a[b]ogado y no la parte y/o que la causa de la desestimación no está bajo el control de la parte ni del propio a[b]ogado**.
> El ordenamiento jurídico debe atemperarse a las expresiones del Tribunal Supremo de Puerto Rico sobre la materia objeto de este proyecto. Se trata de un asunto de justicia sustancial que no ha sido atendido adecuadamente por nuestro ordenamiento jurídico [...].
>
> Exposición de Motivos, Ley para enmendar la Regla 39.2 de las Reglas de Procedimiento Civil de 1979, Ley 493-2004.

Como se aprecia en la precitada enmienda, en aras de garantizar el debido proceso de ley, el tribunal está obligado a seguir un procedimiento *establecido antes de ordenar la desestimación de la demanda o la eliminación de las alegaciones*. Es decir, la parte tiene que ser notificada por el tribunal de la situación de incumplimiento, junto a sus consecuencias y, además, se le tiene que brindar la oportunidad de tomar las medidas necesarias para corregirla. De lo contrario, se violaría el debido proceso de ley, asunto que encuentra apoyo en las expresiones de nuestro Tribunal Supremo:

> Desestimar de inmediato una demanda, o una contestación, como medio de aplicar sanción al proceder o a una actitud del abogado en el curso del pleito, tiene el efecto de privar a

un ciudadano de la función judicial de adjudicación que forma parte de nuestra estructura constitucional, privándole de la oportunidad de un día en corte para hacer valer en los méritos la legitimidad de su derecho a reclamar si es demandante, o la legitimidad y mérito de una defensa, si es demandado. ***Este es un valor en el orden social demasiado apreciable para ser prontamente sacrificado, aun cuando la sanción se dé en aras del pronto despacho de los asuntos radicados y de una rápida administración de justicia.*** Si los pleitos judiciales se desestimaren por esta vía indistintamente, se habrán despachado los asuntos, no hay duda, pero tal vez no habría quedado mucho de justicia a impartir.

*Ramírez de Arellano v. Srio. De Hacienda*, 85 DPR 823, 829 (1962), reiterado en *Díaz v. Tribunal Superior*, 93 DPR 79, 85 (1966) y *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 746 (2005). Véase, además, *Garriga Gordils v. Maldonado Colón*, 109 DPR 817, 822 (1980); *Acevedo v. Compañía Telefónica de P.R.*, 102 DPR 787, 791 (1974).

(Énfasis nuestro).

Es por esto que la determinación de desestimar una demanda debe tomarse con juicio y cautela. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 298 (2012); *Maldonado v. Srio. de Rec. Naturales*, supra. Además, debe también considerarse que:

[L]a desestimación de un caso como sanción, debe prevalecer **únicamente** en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés **y después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento**.

*Mun. de Arecibo v. Almac. Yakima*, supra, pág. 222.

El requisito de realizar un previo apercibimiento a la parte antes de proceder con la desestimación es parte del debido proceso que la ley ha reconocido para estas circunstancias. Según las expresiones de nuestro más alto foro:

> La experiencia señala que en la gran mayoría de los casos […] las partes no están enteradas de la actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato. Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas.

*Maldonado v. Srio. de Rec. Naturales*, supra, pág. 498.

Por lo tanto, "en ausencia de contumacia o dejadez extrema, la negativa de un tribunal a emplear sanciones menos drásticas que la desestimación, **constituye una privación al derecho constitucional a ser oído que es corolario del debido proceso de ley**". J. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 2012, pág. 252 citando a *Societe Internationale v. Rogers*, 357 US 197 (1958). (Énfasis nuestro.)

El concienzudo uso del mecanismo procesal de la desestimación tiene el potencial de adelantar los fines justicieros que persiguen los tribunales. Sin embargo, el desmesurado uso de estos puede convertirse en una cortapisa para la justicia. *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 721 (2009).

**III.**

Báez González, el aquí apelante, nos plantea que el Foro Primario erró al desestimar su demanda de liquidación de comunidad de bienes, al amparo de la Regla 39.2 de Procedimiento Civil, supra. Arguye que quien obstaculizó los procesos judiciales e incumplió con las órdenes del Tribunal fue la parte apelada. Entendemos que al apelante *le asiste razón.*

Del expediente surge que Báez González ha sido diligente en las tramitaciones de la demanda incoada en contra de la apelada. Surge, además, que ha mantenido al Foro Apelado informado de sus gestiones, y de sus dificultades con la otra parte.

Los problemas dentro del descubrimiento de prueba comenzaron tan pronto como en abril del año 2021. Para esta fecha, el apelante sometió un pliego interrogatorio y solicitó una documentación a la parte apelada. En octubre de ese mismo año, el apelante le informó al Foro Primario que la otra parte aún no había contestado sus requerimientos.

Más adelante, en el mes de mayo del año 2022, en cumplimiento a una orden del TPI-Mayagüez, Báez González mostró causa por qué no se debía desestimar su demanda. Además, le proveyó al Foro Primario prueba documental de sus esfuerzos extrajudiciales para adelantar los esfuerzos del caso.

De esta última fecha, los procedimientos discurrieron con relativa normalidad hasta fin de ese mismo año. Durante este tiempo, se presentó el Informe para el Manejo de Caso; se celebró la Conferencia Inicial, se enmendó la demanda y se contestó así enmendada. Sin embargo, de la documentación evaluada, se aprecia que la *parte apelada no cooperó* para cumplir con unas órdenes del TPI-Mayagüez dictadas en diciembre de 2022.

En el mes de mayo de 2023, el apelante sometió una moción al Foro Apelado, informándole de los infructuosos esfuerzos para comunicarse con la parte apelada. Dos meses más tarde, en julio de 2023, el TPI-Mayagüez relevó a la representación legal de Rivera Martínez del caso.

No obstante, el *13 de octubre de 2023*, el Foro Primario emitió la *"Sentencia"* desestimando la causa de acción que nos ocupa. Cuatro (4) días más tarde, esto es, el *17 de octubre de 2023*, la parte apelante sometió el aviso para deponer a la apelada. Sin embargo, *El 19 de octubre de 2023*, es decir, **seis (6) días después de emitir la *"Sentencia"* desestimatoria apelada que aún no estaba notificada**, el TPI-Mayagüez **tomó conocimiento del aviso de deposición**, continuando de esta forma con el descubrimiento de

prueba. Así las cosas, el *23 de octubre de 2023*, de manera inexplicable, el TPI- Mayagüez **notificó ambos pronunciamientos: la toma de conocimiento para deposición y la sentencia de desestimación**.

Como discutiéramos previamente, la precitada regla contempla tres (3) escenarios en los que el Tribunal de Primera Instancia puede desestimar una causa de acción a solicitud de parte, o motu proprio. La primera, establecida en el inciso (a), es el mecanismo que usa el Tribunal para desestimar cuando el demandante incumple con las reglas procesales, o con alguna orden del Tribunal. Dispone este inciso que la desestimación no procederá como primera opción. Para ello, el Tribunal deberá primero informar a la parte de su incumplimiento, apercibirle de las consecuencias, como la posible eliminación de alegaciones, y darle un término para responder. Además, dispone de otra vía correctiva – las sanciones. De una somera lectura de este inciso, queda claro que nuestro legislador entendió preferible la sanción o la eliminación de alegaciones, que la desestimación.

Los incisos (b) y (c) de la mencionada regla contemplan la inactividad de las partes durante seis (6) meses, y el conocido mecanismo del *"non suit"*, en el que la parte demandada solicita la desestimación del caso luego de que la parte demandante haya presentado su prueba. *Rivera Figueroa v. The Fuller Brush Co.*, 180 DPR 894, 916 (2011); *Roselló Cruz v. García*, 116 DPR 511, 520 (1985). En los casos de una desestimación por "non suit", la parte demandada lo solicita alegando, que a la luz de la prueba desfilada, la parte demandante no tiene derecho a un remedio en ley. Ninguno de estos dos escenarios aplica al caso de marras, ya que de la última actividad entre la parte demandante y el Foro Primario solo transcurrieron cinco (5) meses. Además, este caso no llegó a la etapa

de juicio, por lo que la parte demandada no pudo apreciar el desfile de prueba, ni solicitar una desestimación al amparo del inciso (c).

El Foro Apelado *no debió desestimar la demanda,* ya que la parte demandante demostró diligencia todo el tiempo para cumplir con las órdenes del Tribunal. Con aquello que no pudo cumplir, se debió a la inobservancia y al descuido procesal de la otra parte. Tanto así, que en más de una ocasión, tuvo que informarle y demostrarle al TPI-Mayagüez sus esfuerzos para comunicarse con la representación legal de la parte demandada, así como la falta de cooperación de esta última con el descubrimiento de prueba.

Este Tribunal entiende que lo que en derecho procedía era imponer sanciones a la parte que estuvo obstaculizando el proceso desde el principio, con el pliego y los requerimientos con los que incumplió en el año 2021. Desestimar la demanda es una sanción en extremo severa, máxime cuando consideramos los esfuerzos que llevó a cabo el demandante para descubrir prueba, cooperar y comunicarse con la parte demandada y mantener informado al Foro Apelado.

Como establece la Regla 39.2 de Procedimiento Civil, supra, la desestimación bajo este inciso solo procede luego de que se hayan producido los escenarios establecidos en ella. Entendemos que, en el caso de epígrafe, los mismo no se dieron. *La parte demandante no incumplió con las órdenes del Foro Primario,* ni con las reglas procesales.

Por ende, nuestra jurisprudencia ha expresado que la desestimación procede cuando quede "demostrado de ***manera clara e inequívoca la desatención y el abandono total de la parte con interés y después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia***". *Mun. de Arecibo v. Almac. Yakima,* supra, pág. 222.

Justipreciamos que ninguna de las circunstancias del caso justificó la desestimación del caso, al amparo de la Regla 39.2(a) de Procedimiento Civil, supra.

**IV.**

Por los fundamentos antes expuestos, *se revoca la "Sentencia" apelada.* En consecuencia, ordenamos la reinstalación de la demanda incoada por el aquí apelante y la continuación de los procedimientos de manera cónsona con lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones